Simon, J.
The plaintiff represents himself to be the owner of several tracts of land, to which he claims title as derived by purchase from the government of the United States ; and he prays that the defendants, who have unjustly and illegally taken possession of them, be ousted or evicted therefrom, that the title to said lands be adjudged to be in him, and that he be allowed $5000 damages, &c.
The defendants first pleaded the general issue, and further specially denied the legality and sufficiency of plaintiff’s title, on the ground, that the United States were never legally divested of their title to the lands claimed, as said lands never were offered at public sale, &c. They pray that, in case of eviction, they may be allowed the value of the improvements, &c., which they have placed on the lands, which they estimate at the sum of $2000, to be paid to each of them, (four defendants,) by the plaintiff, previous to his being put in possession of the land.
The judgment was rendered below in favor of the plaintiff, or *254 dering three of the defendants to quit the premises and move off the plaintiff’s land within ten days after the notification of the judgment ; rejecting the defendants’ claim for improvements, except so far as to mitigate the damages, and condemning each of them to pay the plaintiff the sum of five dollars damages; and from this judgment, the three defendants appealed. A judgment of nonsuit-was entered as to the fourth defendant.
The evidence shows, that the plaintiff is really the owner of the tracts of land by him claimed ; that he purchased them from the United States as far back as 1833 ; and that having duly entered the lands, and paid the price thereof, he received patents from the government.
The defendants have not attempted to set up any title to the land sued for, but it is shown by the evidence, that three of them have occupied the same and been living on it for a considerable time. During their possession, they made improvements on the land, cultivated several portions thereof, and were in the habit of cutting and selling wood thereon ; and it is pretended by their counsel that, never having had any notice of plaintiff’s title till the institution of this suit, and having possessed the property under the hope or expectation that, being a part of the public domain, they would be entitled to purchase it from the government by right of settlement or pre-emption, they were possessors in good faith, possessing by the authority and approbation of the supposed real owner, not knowing he was divested of title. They contend, that, being possessors in good faith, as against the plaintiff, they are entitled to be paid the value of all their improvements, and are not bound to account for the value of the fruits and revenues till after the commencement of the suit.
. This case presents pretty much the same features as that of Pearce et al. v. Frantum, (16 La. 414,) and must be governed by the same rules. Indeed, the facts of the case are very similar; and, as in the case quoted, the only question to be decided here relates to the right of the plaintiff to recover the rents and profits by him claimed as damages, and to the pretended right of the defendants to be paid for the value of their improvements. There is no proof in the record that the defendants ever had any direct-notice of the plaintiff’s title till the institution of this suit. Their *255 long possession had the effect of their being legally considered as owners of the property which they possessed, so long as it was not reclaimed by the true owner; (Civ. Code art. 3417;) and we •are not prepared to say that, under the circumstances disclosed in the record, they should be considered in bad faith so far as to be deprived of the right of being reimbursed for useful improvements and expenses put on the land, by which the property may have been made more valuable to the plaintiff. • The amount which the defendants may be entitled to, cannot however exceed the increased value of the property, considering its relative situation and condition with regard to the owner, and must be compensated by the amount of rents and profits which they may be found to owe to the plaintiff since the institution of this suit. 1
This case being governed entirely by the same rales and principles established in the case above cited, and in that of Kellam v. Ripey, (3 Robinson, 138,) it is unnecessary for us to enter into any further discussion of the rights of the parties. On the part of the plaintiff, it is clear that he is entitled to be restored -the fruits, which the defendants reaped after the institution of this suit; and on the part of the defendants, they have a right to be reimbursed for the value of their improvements, according to the increased value of the property.
We have been called upon to liquidate the balance which may be due to either of the parties ; but although the record contains some evidence showing the value of the clearings made by the defendants on the land, and of the buildings put thereon, and of the yearly rent of the land; we think that it might be made more satisfactory, and that it would be difficult for us to strike any balance. There is no sufficient proof of the value of the improvements according to the enhanced value of the land, and we cannot take the estimates of the witnesses, so far as they go, 'as a true and correct criterion ; and it seems to us, that justice requires that this suit should be remanded to the lower court, for the purpose only of liquidating before a jury, the balance which may be due to either of the parties, according to the principles above recognized.
The appellee has complained in his answer that the judgment appealed from does not decide the title to the land in question to be in him, and in this respect he has prayed that said judgment *256 be amended. This, we think, he is entitled to, as the Judge, a quo, appears to have overlooked this part of the plaintiff’s prayer as contained in his petition.
Evans and A. N. Ogden, for the plaintiff.
Stacy, for the appellants.
Evans, for a re-hearing.
It is, therefore, ordered and decreed, that with regard to defendants Booker, Jarvis and Hicks, the judgment of the District Court be annulled and reversed ; that the plaintiff recover, and be quieted in his title to, the tracts of land claimed and described in •his petition; that the case be remanded to the District Court for the purpose only of ascertaining the value of the improvements, and the amount of fruits, or rents and profits, according to the principles above recognized ; that, in the mean time, no writ of possession be issued ; and that the costs of the appeal be paid by the plaintiff and appellee.